# United States Court of Appeals
## For the First Circuit

No. 22-1939

DANIELLE VICTOR,

Plaintiff - Appellant,

v.

JUDGE YOLANDA OROZCO, in her full capacity; PAUL MARCIANO; JUDGE LINDA MILLER, in her full capacity; STATE OF CALIFORNIA, in its full capacity; COUNTY OF LOS ANGELES, in its full capacity; JUDGE DALE S. FISCHER, in her full capacity; JUDGE STEVE KIM, in his full capacity; JUDGE ANDRE BIROTTE, in his full capacity; JUDGE MARIA A. AUDERO, in her full capacity; JAMS, INC., corporation operating under Delaware law; ROBERT BONTA, in his full capacity as the Attorney General of the State of California; CITY OF LOS ANGELES LLC, a California limited liability company; MAURICE MARCIANO, an individual; CHRISTIAN NAVARRO, an individual; SOUTHWEST WINE & SPIRITS, LLC, a Delaware limited liability company; WILLIAM F. PAYNE, an individual; WALLY'S AUCTION HOUSE, LLC, a California Limited Company; MEL-JEN, a California Domestic Stock Corporation; WALTER MOSLEY, a professional California Corporation; WALTER MOSLEY, an individual; LISA BLOOM, an individual; ONE LEGAL, LLC, a Delaware limited liability company; BLOOM FIRM INC., a company operating under Delaware law; CATHERINE C. MAMAYSON, an individual; BLOOM FIRM, PC, a California corporation; BLANCA M. GUTIERREZ, an individual; SARAH BLOOM, an individual; DEBORAH G. CLOW, an individual; CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING; SALLY D. GREIG, LLC, a Florida limited liability company; SALLY D. GREIG, an individual; EQUAL EMPLOYMENT AGENCY, INC., a corporation operating under Delaware law; CHRIS POOLE, an individual; THOMAS KACHANI, an individual; JUAN J. DOMINGUEZ, an individual; MATT TURNER, an individual; JACE H. KIM, an individual; MATTHEW MARCIANO, an individual; AMANDA HEADWORTH, an individual; CHRISTIE BAKER, an individual; GRACIE ESPARZA, an individual; JONATHAN POULIN, an individual; CATHY RAY, in her full capacity as a Deputy Commissioner for the State of California; MINA JONES, an individual; FRANCISCO DELACRUZ, in her full capacity as a Deputy Commissioner for the State of California; NANCY HUNTER, an individual; NATHALIE MEZA CONTRERAS LAW, APC, a California domestic stock corporation; SAMI FROMER, an individual; NATHALIE M. MEZA CONTRERAS, an individual; TATUM JIMENEZ, an individual; THE STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS; KEITH BEJALAJAC, an individual; CALIFORNIA LABOR COMMISSIONER'S OFFICE, a California corporation; LAURA BURNS, an individual; KACEY RICCOMINI, an individual; GOOGLE LLC, a Delaware limited liability company; ARTHUR F. SILBERGELD, an individual; GOOGLE, INC, a branch of the Delaware limited liability company; THOMPSON COBURN, LLP, a

Missouri limited liability company; RSA DATA SECURITY, INC., a corporation operating under Delaware Law; MINA LOUIS, an individual; DOMINGUEZ & ASSOCIATES, LLC, a Florida limited liability company; APPLE INC., a California corporation; CARLOS EDUARDO MOTOYA SOLIS, an individual; CISCO SYSTEMS, INC, a corporation operating under Delaware law; AVI GOLDSTEIN, an individual; GAVIN NEWSOM, in his full capacity as the Governor of the State of California; THERESA D. LA PAZ, in her full capacity as deputy clerk of the Stanley Mosk Courthouse; BUD KOOGLE, an individual; CESAR LOPEZ, an individual; TREVIS CARPENTER, an individual; INCORPORATING SERVICES, LTD, a corporation operating under Delaware law; INCORPORATING SERVICES, LID., a California foreign stock corporation; AMERICAN ARBITRATION ASSOCIATION, INC., a corporation operating under New York law; ANDREW BARTON, an individual; LOS ANGELES CITY ETHICS COMMISSION, in their full capacity; NATIONAL ASSOCIATIONS FOR COURT MANAGEMENT, a corporation operating under Virginia law; NATIONAL ASSOCIATION FOR PRESIDING JUDGES AND COURT EXECUTIVE OFFICERS, a California domestic nonprofit; LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, in their full capacity; LOS ANGELES COUNTY DEPARTMENT OF HUMAN RESOURCES, in their full capacity; GEORGE GASCON, in his full capacity as the Los Angeles County District Attorney; TANI GORRE CANTIL-SAKAUYE, in her full capacity as Chief Justice; LOS ANGELES COUNTY BAR ASSOCIATION, a California domestic nonprofit; JANNET GOMEZ, an individual; SHERRI R. CARTER, in her full capacity as Executive Officer and Clerk of Court; ALAN GOLDSTEIN, an individual; ADR SERVICES, INC., a California domestic stock corporation; ERVIN COHEN & JESSUP LLP, a business entity unknown; MARA SATTERHWAITE, an individual; HORTENCIA GARCIA, in her full capacity as Deputy Clerk; INSTAGRAM, LLC, a Delaware limited liability company; FACEBOOK, INC., a corporation operating under Delaware law; INSTAGRAM, INC., a corporation operating under Delaware law; FACEBOOK MEDIA, LLC, a Delaware limited liability company; FACEBOOK SERVICES INC., a corporation operating under Delaware law; FACEBOOK TECHNOLOGIES, INC., a Delaware limited liability company; FACEBOOK ENTERTAINMENT, LLC., a Delaware limited liability company; YOUTUBE, INC., a corporation operating under Delaware law; YOUTUBE, LLC., a Delaware limited liability company; YOUTUBE ENTERTAINMENT PROGRAMS LLC, a Delaware limited liability company; YOUTUBE ENTERTAINMENT MEDIA LLC, a Delaware limited liability company; YOUTUBE EMPIRE, LLC, a Delaware limited liability company; LIPSTICK ALLEY, a business entity unknown; SNAPCHAT, INC., a corporation operating under Delaware law; TWITTER, INC., a corporation operating under Delaware law; TWITTER VENTURES, a corporation operating under Delaware law; TWITTER GLOBAL, LLC, a Delaware limited liability company; TWITTER FOUNDATION, a California domestic nonprofit; MYACCOUNT TWITTER, LLC, a Delaware limited liability company; CHRISTIE'S WINE, INC., a corporation operating under Delaware law; CHRISTIE'S PRIVATE SALES, INC., a corporation operating under Delaware law; CHRISTIE'S INTERNATIONAL REAL ESTATE, INC., a corporation operating under Delaware law; CHRISTIE'S HOLDINGS INC., a corporation operating under Delaware law; CHRISITIE'S FINE ART STORAGE SERVICES INC., a corporation operating under Delaware law; CHRISTIE'S ASSETS, INC., a corporation operating under Delaware law; DELTA AIR LINES, INC., a corporation operating under Delaware law; 3900 WA ASSOCIATES, LLC, a Delaware limited liability company; JUDGE ERIC C. TAYLOR, in his full capacity as the Presiding Judge of the Los Angeles Superior Court;

TIKTOK INC., a corporation operating under Delaware law; TIKTOK GLOBAL INC., a corporation operating under Delaware law; TIKTOK LLC, a corporation operating under Delaware law; YAHOO! COMMUNICATIONS USA, INC., a corporation operating under Delaware law; YAHOO! COMMUNICATIONS INC., a corporation operating under Delaware law; YAHOO WIRELESS, INC, a corporation operating under Delaware law; AMAZON (USA) INC., a corporation operating under Delaware law; AMAZON (USA) VENTURES INC., a corporation operating under Delaware law; ALEXA INTERNET, a corporation operating under Delaware law; AMAZON CONSTRUCTION LLC, a California limited liability company; AMAZON ENVIRONMENTAL, INC., a California corporation; CALIFORNIA COMMISSION ON JUDICIAL PERFORMANCE, in its full capacity; STATE BAR OF CALIFORNIA, in its full capacity; ; LAWRENCE J. DAL CERRO, in his full capacity as Special Deputy of the California Trial Counsel; STACIA LAGUNA, in her full capacity as Special Deputy of the California Trial Counsel; VERONIKA BARSEGYAN, in her full capacity as Special Deputy of the California Trial Counsel; CARMEN LUJAN, in her full capacity as Deputy Clerk of the U.S. District Court, Central District of California; MARY HARVEY, in her full capacity as Secretary to Staff Counsel of the California Commission on Judicial Performance; JUSTIN HOYT, in his full capacity; CONCORD CAPITAL PARTNERS, LLC, a Delaware limited liability company; CONCORD CAPITAL PARTNERS, LLC, a California limited liability company; CONCORD LENDING GROUP, LLC, a California limited liability company; CONCORD CONSTRUCTION, INC., a California limited liability company; CONCORD CONSTRUCTION AND ELECTRICAL SERVICES INC., a California corporation; CONCORD DEVELOPMENT & CONSTRUCTION, a California corporation; CONCORD CONSTRUCTION LLC, a Delaware limited liability company; CONCORD CONSTRUCTION CORP., a corporation operating under Delaware law; CONCORD CONSTRUCTION COMPANY, INC., a corporation operating under Delaware law; CONCORD HEALTHCARE, LLC, a California corporation; CONCORD HEALTHCARE CENTER, INC., a California corporation; BEVERLY A. COOK, in her full capacity as the Assistant City Attorney; CHRISTINE MIRAMONTES, an individual; J&J BUILDERS CONSTRUCTION, INC., a corporation operating under Minnesota law; 1840 HIGHLAND PARTNERS, LLC, a California limited liability company; MOSS MANAGEMENT SERVICES, INC., a California stock and foreign corporation; DR. SHIRLEY M. WEBER, in her full capacity; S.O.S., LTD, a California limited partnership; CONCORD REALTY GROUP, LLC, a Texas domestic limited liability company; WELLS FARGO BANK, NATIONAL ASSOCIATION, a California foreign stock; JASON FENESCEY, an individual; AT&T CORP., a corporation operating under Delaware Law; ARRIS TECHNOLOGIES, a California domestic limited partnership company; ARRIS TECHNOLOGY, INC., a corporation operating under Delaware Law; ALLTEL COMMUNICATIONS WIRELESS, INC., a Louisiana business corporation; VERIZON COMMUNICATIONS INC., a corporation operating under Delaware Law; SGT. FULLER, of the Los Angeles Police Department, an individual; OFFICER SHAPIRO, of the Los Angeles Police Department, and individual; AFFIRMATIVE ACTION/ EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE GROUP, INC, a California corporation; SECURID, LLC, a Delaware limited liability company; MERRIMACK MEDICAL & WALK-IN CENTER, LLC, a Massachusetts domestic limited liability company; MERRIMACK MEDICAL & WALKINS, LLC, a Massachusetts domestic limited liability company; DAVID FARZAN, M.D., an individual; GUESS? RETAIL, INC., a corporation operating under Delaware law; JEFF GREENE, an individual; ; LUCENT TECH, INC., a corporation operating under Virginia law;

LUCENT LIGHTING TECHNOLOGIES, a domestic business corporation operating under New York law; LUCENT TECHNOLOGIES CONSTRUCTION SERVICES, INC., a corporation operating under Delaware law; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California domestic nonprofit; REGENTS OF THE UNIVERSITY OF CALIFORNIA, a District of Columbia nonprofit corporation; MOZILLA CORPORATION, a California corporation; MOZILLA FOUNDATION, a California domestic nonprofit; SONY COMPUTER ENTERTAINMENT AMERICA INC., a corporation operating under Delaware law; SPOTIFY USA INC., a corporation operating under Delaware law; WORLD WIDE WEB CONSORTIUM, INC., a corporation operating under Delaware law; SPOTIFY USA INC., a California foreign stock; JPEG LLC, a California limited liability company; DIAMOND MOVING & STORAGE, INC., a California corporation; THE CATCH GROUP, INC., a corporation operating under Delaware law; TILMAN FERTITTA, an individual; DOCUSIGN INTERNATIONAL, INC., a corporation operating under Delaware law; DOCUSIGN, INC., a corporation operating under Delaware law; LOS ANGELES CITY ATTORNEYS ASSOCIATION, a California nonprofit; DIANE GROSS, in her full capacity; PRISCILLA LUCAS, in her full capacity as a legal analyst for the U.S. Department of Justice; THOMSON REUTERS AMERICA CORPORATION, a corporation operating under Delaware law; THOMSON REUTERS ORGANIZATION CORP., a corporation operating under Florida law; THOMSON REUTERS HOLDINGS INC., a corporation operating under Delaware law; THOMSON REUTERS HOLDCO LLC, a Delaware limited liability company; THOMSON REUTERS SERVICES INC., a corporation operating under Delaware law; THOMSON REUTERS U.S. HOLDINGS INC., a corporation operating under Delaware law; THOMSON REUTERS U.S.A. INC., a corporation operating under Delaware law; THOMSON REUTERS VENTURES U.S. LLC, a Delaware limited liability company; THOMSON REUTERS WEB INC., a corporation operating under Delaware law; COMCAST, ISD, INC, a corporation operating under Delaware law; NOKIA, INC., a corporation operating under Delaware law; NOKIA OF AMERICA CORPORATION, a corporation operating under Delaware law; NOKIA OF AMERICA CORPORATION, a California foreign stock corporation; NOKIA MOBILE PHONES INC., a corporation operating under Delaware law; NOKIA SOLUTIONS AND NETWORKS US LLC, a Delaware limited liability company; NOKIA US HOLDINGS INC., a corporation operating under Delaware law; NOKIA USA INC., a corporation operating under Delaware law; MOSHE BARUCHOR, an individual, DOES 1-100, inclusive.

Defendants - Appellees.

———————————

Before

Kayatta, Gelpí and Rikelman,
<u>Circuit Judges</u>.

———————————

**JUDGMENT**

Entered: March 11, 2024

Plaintiff-appellant Danielle Victor has filed a notice of appeal in the district court challenging: (i) the district court's November 7, 2022, Order (D. Ct. Dkt. #17), which denied Victor's motion for recusal, second motion for "full court" review, and second motion to reconsider the district court's denial of appointed counsel; and (ii) the district court's November 22, 2022, Order (D. Ct. Dkt. #20), which denied Victor's motion to seal and her motion to file an amended complaint ex parte. After the appeal was opened, this court entered an order directing Victor to show cause why this appeal should not be dismissed for lack of appellate jurisdiction, where final judgment had not entered in the district court and where neither challenged order appeared to be immediately appealable. Victor has filed a response, in addition to various motions and other filings.

As an initial matter, Victor has requested en banc review in some filings. This panel includes a majority of the active judges of this court in active service. In any event, consideration of the requests for en banc review is deferred; Victor may file a petition for rehearing en banc following entry of this judgment, and the matter will be considered by the en banc court upon such a filing.

Returning to the order to show cause and response, we have carefully considered each of the arguments set out by Victor in her response, as well as relevant portions of the record, and we conclude that Victor has failed to demonstrate that the orders designated in her notice of appeal are reviewable at this time. See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction."); Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26. 32 (1st Cir. 2012) ("The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction.").

Victor makes no attempt in her response to address the immediate appealability of the rulings set out in the district court's November 22, 2022, Order (D. Ct. Dkt. #20) and thus has failed to demonstrate that those rulings may be reviewed at this time. See In re Fin. Oversight, 52 F.4th at 477.

As for the rulings set out in the district court's November 7, 2022, Order (D. Ct. Dkt. #17), Victor does offer specific arguments, but none of those arguments succeeds at demonstrating immediate reviewability. See SAI v. Transportation Security Admin., 843 F.3d 33, 35-36 (1st Cir. 2016) (per curiam) (order denying appointed counsel under 42 U.S.C. § 2000a-3(a) generally not immediately appealable collateral order); Appleby v. Meachum, 696 F.2d 145, 146-47 (1st Cir. 1983) (per curium) (order denying appointed counsel under 28 U.S.C. § 1915(e) generally not immediately appealable collateral order); see also In re Vazquez-Botet, 464 F.3d 54, 57 (1st Cir. 2006) (denials of motions to recuse generally are not immediately appealable and will not be immediately reviewed unless the party seeking review demonstrates that extraordinary mandamus relief might be in order); In re United States, 441 F.3d 44, 67 (1st Cir. 2006) (observing that a judge's rulings and statement in the course of proceedings rarely provide a basis for recusal under 28 U.S.C. § 455(a)); cf. Liteky v. United States, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Again, we have considered each of the arguments set out in Victor's response to the order to show cause. We will address specifically Victor's attempted reliance on 28 U.S.C. § 1292(a)(1), which allows for immediate review of some injunction rulings. The district court did enter an order (D. Ct. Dkt. #6) denying a motion for preliminary injunctive relief (in addition to denying a request for a temporary restraining order). Victor's notice of appeal was not timely filed as to that ruling. See generally Fed. R. App. P. 4(a). The notice of appeal was timely filed as to the denial of Victor's second motion seeking "full court review pursuant to 28 U.S.C. § 2284" in relation to the request for injunctive relief. Even if the court were to construe that motion as a motion seeking reconsideration under Federal Rule of Civil Procedure 59 or 60 of the earlier denial of injunctive relief, the original order denying injunctive relief would not fall within the proper scope of this appeal. See Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997) (second motion for reconsideration was not timely as to original ruling and thus did not impact Rule 4(a) appeal period as to that original ruling); see also Fed. R. App. P. 4(a)(4)(v) & (vi) (motions under Rules 59 and 60 toll appeal period if timely filed in relation to original appealable ruling); Fed. R. Civ. P. 59(b) (twenty-eight-day deadline for Rule 59 motions). At most, per Federal Rules of Appellate Procedure 3 and 4, the court would be in a position to review the denial of the second motion for "full court review," standing on its own, but that ruling does not qualify as final under 28 U.S.C. § 1291, does not itself constitute a denial of injunctive relief for purposes of § 1292(a)(1), and does not qualify as an immediately reviewable collateral order. See generally 28 U.S.C. §§ 1291, 1292; see Luckerman v. Narragansett Indian Tribe, 787 F.3d 621, 623 (1st Cir. 2015) ("In an analogous context, this court has held that denial of a Rule 59(e) motion for reconsideration was not an immediately appealable collateral order, even though the denial of the original motion -- a cross-motion to dismiss on qualified immunity grounds -- might have qualified for immediate review."); Cherokee Exp., Inc. v. Cherokee Exp., Inc., 924 F.2d 603, 606 (6th Cir. 1991) ("An appeal of right under [28 U.S.C.] § 1292(a)(1) must be taken from the order granting or denying injunctive relief, not from a motion for reconsideration."); cf. Fisichelli v. City Known as Town of Methuen, 884 F.2d 17, 19 (1st Cir. 1989) ("Thus, the issue before us -- and before the district court on the November 1988 motion [to reconsider] -- was not qualified immunity, but whether or not reconsideration should be undertaken.").

In accordance with the foregoing, this appeal is dismissed. See 1st Cir. R. 27.0(c) (court can dismiss at any time when jurisdiction is lacking). All remaining pending motions, to the extent not mooted by the foregoing, are denied.

By the Court:

Maria R. Hamilton, Clerk

cc:
Danielle Victor
Robert Bonta
Andrea J. Campbell
Donald Campbell Lockhart